UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| ALI SOUEIDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:20CV95 JCH |
| ) | |
| U.S. ATTORNEY'S OFFICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim, filed March 30, 2020.  (ECF No. 3).  Despite having been granted additional time within which to do so, Plaintiff has not filed a response to Defendant's motion.

By way of background, Plaintiff filed his Complaint in this matter on January 21, 2020. (ECF No. 1).  Plaintiff's Complaint does not include any basis for jurisdiction, nor does it seek any damages or other relief.  For his statement of claim, Plaintiff asserts in full as follows:

> That US Attorney office, located on 111 S 10th st (to my best knoledge (sic)), declared an "Act against the Constitution" causes financial and psychological harm to the people of the state of Missouri, beyond and other.
> Backed by methological (sic) mind, so called US Attorney office, for years, accumulated in their virtual mind, if exists, a virtual ideology to satisfy and support their theory.
> To do so, so called US Attorney office, have and had imported laws dated back to the dark ages, in order to saturate their ego and to link their bleu (sic) blood to royal blood.

(Compl., P. 5).  Plaintiff further provides a Memorandum for Clerk, stating in relevant part as follows:

> Far more, due to evothological (sic) mind, so called US Attorney office declared a precedant (sic) violation to the Constitution when they claimed "The land and what above the land are properties belong to their congregation."

> For all these reasons and other reasons, I am Ali Soueidan, I authorised (sic) myself to minimise (sic) the other party and if possible to cancel those superstitious.
> *Nature of lawsuit: Theft—Reserved the right to undisclosed the amout (sic) of money.
> *Theft occurred when so called US Attorney office forced and applied unconstitutional taxes.

(*Id.*, P. 6).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

Upon careful review and liberal construction of Plaintiff's Complaint, the Court finds he fails to set forth facts supporting a plausible claim for relief. In other words, Plaintiff has not

alleged what happened to him, the date on which it happened, any individuals involved in what happened, or what damage or harm was caused to him. Plaintiff's vague and conclusory allegation that he was a victim of theft wholly lacks factual support, and is not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (citations omitted) ("Although [courts] review pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

In light of the foregoing the Court will dismiss this case, because Plaintiff's Complaint fails to allege any facts which, if proved, would afford a basis for the granting of relief.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 3) is **GRANTED**, and this action is **DISMISSED** without prejudice. An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of June, 2020.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE